**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 29, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-60102
Summary Calendar

PERRY J. PRUITT,

Plaintiff-Appellant,

versus

ESCO CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:04CV63LN)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Perry J. Pruitt appeals from the district court's grant of summary judgment to

Appellee Esco Corp. pursuant to Rule 56 of the Federal Rules of Civil Procedure in his claim of

employment discrimination pursuant to Title VII, 42 U.S.C. § 2000e-2(e)(1). We affirm the

judgment for substantially the same reasons expressed by the district court.

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Pruitt, an African-American man, was employed by Appellee Esco Corp. as a Wheelabrator Operator. On August 21, 2003, Esco discharged Pruitt for hitting Chris Harvey, a white coworker. Pruitt contends that Harvey came into his work area and initiated physical contact with him. Pruitt requested that Harvey stop and when he did not, Pruitt retaliated. After an investigation, Esco discharged Pruitt for engaging in physically violent contact and issued a written warning to Harvey for engaging in "horseplay."

After his termination, Pruitt filed a complaint with the Equal Employment Opportunity Commission (EEOC). Pruitt alleged that he was discriminated against because he was discharged, while Harvey only received a written warning. The EEOC determined that Pruitt was not discriminated against and dismissed his charge. Pruitt then filed suit in federal court for employment discrimination in violation of Title VII. Esco subsequently filed a motion for summary judgment. The district court granted Esco's motion concluding that Pruitt could not establish a prima facie case of discrimination because he could not show that a similarly situated employee was treated differently.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to

2

produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Pegram*, 361 F.3d at 278.

To establish a prima facie case of employment discrimination, Pruitt must show the following: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside the protected class, or, in the case of disparate treatment, that others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

The parties agree that Pruitt has satisfied the first three elements of his prima facie case, but disagree as to whether others similarly situated were treated more favorably. Pruitt argues that a genuine issue of fact exists as to the amount of force used by both himself and Harvey. We interpret Pruitt's argument as an assertion that he and Harvey were similarly situated in that either they were both engaged in horseplay or they were both engaged in physical violence. To the contrary, the record shows that Pruitt has admitted the two were not similarly situated.

In support of its motion for summary judgment, Esco submitted the affidavit of Charlie Walker, Esco's Resources and Manufacturing Manager who conducted the investigation of the incident. Walker averred that his investigation revealed that Harvey was pestering Pruitt, but Pruitt did not report the incident, and instead struck Harvey in the chest. Walker further attested that the disciplinary decisions were consistent with actions taken in the past in that no employee had been terminated for horseplay but two employees, one black and one white, had been terminated for engaging in physically violent conduct.

Esco also submitted Pruitt's responses to its request for admissions in which Pruitt admitted the following: (1) he was discharged for striking Harvey; (2) he hit Harvey; (3) in a meeting

3

discussing the incident he stated that Harvey was patting him on the shoulder before he hit Harvey; (4) he was not aware of an Esco employee who was terminated for engaging in horseplay; and (5) he was not aware of an Esco employee who was not terminated after engaging in physical violence.

In response, Pruitt submitted an affidavit averring that he has always maintained that he hit Harvey only after Harvey hit him three times; however, Pruitt's responses to Esco's requests for admissions reveal that he told his supervisors that Harvey was patting him on the shoulder before Pruitt hit him. Additionally, in his complaint to the EEOC, Pruitt admitted that he hit Harvey because Harvey would not stop bothering him after he asked him to stop three times. The summary judgment record reveals that Esco distinguished Harvey's patting Pruitt as horseplay from Pruitt's striking Harvey as physical violence. As the district court correctly concluded, Pruitt is unable to show that a similarly situated employee, i.e., one who hit another employee, was treated more favorably, and is therefore, unable to establish a prima facie case of employment discrimination.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of Esco's motion for summary judgment.

4